## Poulson *versus* Ellis *et al.*

1. Real estate was put into the hands of auctioneers to sell; the conditions of sale were $200 at time of sale, balance on execution of deed within fifteen days; the purchaser paid $200, but did not pay the balance, although requested; six months afterwards the property was sold to another person. In a suit to recover back the $200, *held*, that the $200 were not a deposit, but part of the price paid to the auctioneers as agents of the vendor, and liable in their hands to make good any injury from the purchaser's default.

2. The money could be recovered only on the ground of mutual rescission, on the implied contract to pay money which the purchaser is entitled to recover *ex æquo et bono*.

3. Had the purchaser been in no default, and the vendor sold without tender of deed and notice of the resale, the purchaser could have recovered his money without abatement.

4. It was the purchaser's business in such a sale to prepare the deed for execution and tender payment.

January 5th 1869.   Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.   WILLIAMS, J., absent.

Error to the District Court of *Philadelphia*: No. 269, to January Term 1868.

This was an action of assumpsit, brought January 10th 1867, by Erastus Poulson against Thomas S. Ellis and others, trading as M. Thomas & Sons.

The declaration averred that the defendants, being auctioneers, on the 3d of April 1866 sold certain real estate to the plaintiff, and received $200 on account of the purchase-money; that afterwards the property was conveyed to another person, and the defendants became liable to pay the $200, &c.

I. H. Barnes, a witness called by the plaintiff, testified that the property belonged to T. W. Parker, who placed it in the hands of the defendants for sale; that the plaintiff bought it on the 3d of April 1866 for $8050.   By the conditions the sale was absolute.   $200 were to be paid at the time of sale, and the balance on the execution of the deed within fifteen days from the sale. The plaintiff paid $200 as part of the purchase-money.   The plaintiff then gave in evidence a deed from Parker to Mary Ann Greenly for the same property, dated October 17th 1866, for the consideration of $8000.

The defendants gave evidence that they had Parker's deeds before the sale, and for fifteen days after; that the plaintiff was requested by note to call, but did not; that they had the $200 still in their hands, having given Mr. Parker credit for it, and charged him with $120.63, their bill of expenses.

The court (Stroud, J.) instructed the jury to find a verdict for the defendants.   The jury having so found, the plaintiff removed the case to the Supreme Court, and assigned this instruction for error.

[Poulson v. Ellis.]

*D. W. Sellers*, for plaintiff in error.—Time was not important; a failure to pay the balance of the purchase-money did not authorize a resale: D'Arras *v.* Keyser, 2 Casey 249; Stickter *v.* Guldin, 6 Id. 114; Hansborough *v.* Peck, 5 Wallace 497; Utter *v.* Stuart, 30 Barb. 20; Bitner *v.* Brough, 1 Jones 127; McDowell *v.* Oyer, 9 Harris, 417; Hertzog *v.* Hertzog, 10 Casey 418; 1 Chitty's Pl. 36.

*A. M. Burton* and *C. Guillou*, for defendants in error.—A purchaser having paid part of the purchase-money and refusing to comply, the vendor being willing to do his part, cannot recover back what he has advanced: Hansborough *v.* Peck, 5 Wallace 497; 7th Am. Law Reg. and notes 74–80; Rounds *v.* Baxter, 4 Greenl. 454; Morton *v.* Chandler, 6 Greenl. 142. The plaintiff must show performance or an offer to perform his part of the contract, before he can recover back the money: Haynes *v.* Hart, 42 Barb. 58; Withers *v.* Baird, 7 Watts 229; Bodine *v.* Glading, 9 Harris 50.

The opinion of the court was delivered, January 11th 1869, by

AGNEW, J.—It may be conceded that time was not of essence of the contract of sale in this case, and that before the resale Poulson might have called on Parker for performance. And it may be also admitted that after Parker had resold, Poulson was entitled to treat the bargain as rescinded, and recover the money paid upon it. But it is clear that the $200 were not a mere deposit, in the hands of a third party, to answer a specified purpose, but were a part of the price paid to Thomas & Sons as the agents of Parker. The payment being made on the contract, the money became Parker's, and is liable in his hands to make good any injury he has sustained by Poulson's default. Money thus paid clearly cannot be recovered, except on the ground of mutual rescission, and then the recovery is not upon the footing of any contract to restore, but rests upon an implied contract to pay money, which Poulson is entitled *ex equo bono* to recover in an action of assumpsit for money had and received. Had Poulson been in no default, and Parker had resold without a tender of a deed and notice of the resale, Poulson could have recovered his money without abatement, as that *ex equo bono* would have been his right. But the proof is that the terms of sale were for a sale absolute at auction, $200 to be paid at the time of sale, and the balance in cash on the execution of a deed within fifteen days; and that Thomas & Sons had the title-deeds before and for fifteen days after the sale, and requested Poulson to call for the purpose of closing the sale. It was Poulson's business in a sale of this description to prepare for execution the deed, and tender payment, and yet he did nothing, but suffered the matter to rest from

[Poulson *v.* Ellis.]

the 30th April till the 17th of October following, when Parker resold at a loss. Clearly Poulson was derelict, and though Parker having omitted to tender execution of a deed and give notice of a resale, might be unable to recover the loss on the resale, it is clear he is equitably entitled to retain the expenses he incurred in making the sale which Poulson by his default suffered to fall through. Poulson evidently did not intend to perform his contract, and took no steps toward performance. Under these circumstances, as it is not conscionable that he should make Parker pay back the whole sum, his action for money had and received is in the nature of an equitable proceeding where the contract to refund is only an implication of law arising from a duty to do that which equity and good conscience demand. It appears that the expenses of sale were $120.63, which Thomas & Sons had actually charged to their principal, crediting him with the $200 paid. The difference in their hands is all that can justly be recovered under the state of facts appearing in the record. For this difference the learned judge ought to have instructed the jury the plaintiff might recover.

Judgment reversed, and *venire facias de novo* awarded.